UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

AVAID HOTELS, LLC                                CIVIL ACTION NO. 21-cv-1973

VERSUS                                           CHIEF JUDGE HICKS

ALLIED WORLD ASSURANCE CO US, INC,    MAGISTRATE JUDGE HORNSBY
ET AL

**MEMORANDUM ORDER**

Avaid Hotels, Inc. ("Plaintiff") filed this suit against several insurance companies based on an assertion of diversity jurisdiction, which puts the burden on it to set forth specific allegations that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. The allegations regarding the amount in controversy are sufficient, but in order to determine whether diversity jurisdiction exists, more information is needed about the citizenship of the parties. Plaintiff is directed to file an amended complaint and include citizenship information in accordance with the rules set forth below.

The complaint alleges that Plaintiff is "a Limited Liability company formed under the laws of Texas and having its principal place of business in Louisiana." The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations

or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018). Plaintiff will need to file an amended complaint that specifically identifies its members and their citizenship.

The complaint does not specify the type of entity of any of the defendant insurance companies. Plaintiff must include in its amended complaint specific allegations with respect to the form of entity of the defendants. If a party is a corporation, it is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

The amended complaint must specify the type of entity of each of the defendant insurance companies. If they are corporations, the complaint must specifically allege the state of incorporation and principal place of business. If any is an LLC or other unincorporated entity, its citizenship must be alleged in accordance with the rules set forth above.

It appears that one of the defendants may be a foreign company. The rules regarding diversity jurisdiction and foreign entities can be found in Stiftung v. Plains Mktg., L.P.,

603 F.3d 295 (5th Cir. 2010) and Elisabeth C. Butler, <u>Diversity Jurisdiction and Juridical Persons: Determining the Citizenship of Foreign-Country Business Entities</u>, 97 Tex. L. Rev. 193 (2018).

Because Plaintiff's counsel may not have access to the required information about the defendants at this stage of the proceedings, the court will not set a deadline for filing an amended complaint. Once counsel for Plaintiff has had an opportunity to confer with counsel for Defendants, Plaintiff will need to file an amended complaint that properly alleges the citizenship of the defendants. Counsel for the defendants are instructed to cooperate in gathering the required information and provide it to Plaintiff's counsel. Alternatively, the defendants may include that information in their answer(s). A scheduling conference will not be held until a basis for jurisdiction is established.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of July, 2021.

Mark L. Hornsby
U.S. Magistrate Judge